**William Isaac DAVIS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 8091.**

United States Court of Appeals
Tenth Circuit.

June 21, 1965.

James L. Applegate, Cheyenne, Wyo., for appellant.

John Quinn, Albuquerque, N. M. (John Babington, Albuquerque, N. M., with him on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and BREITENSTEIN, Circuit Judges.

PER CURIAM.

The Appellant, Davis, appeals in forma pauperis from an order of the District Court denying a motion to vacate his sentence for the illegal insufficiency of the indictment to charge the offense for which he was sentenced, i. e., the unlawful importation of narcotics under Section 21 U.S.C. § 174.[1]

The plea to the legal insufficiency of the indictment is based squarely on the language of this Court in Robinson v. United States, 10 Cir., 263 F.2d 911: "An indictment charging an offense under 21 U.S.C. § 174 must allege that the accused knew that the contraband was imported or brought into the United States contrary to law." Knowledge that the contraband was unlawfully imported or brought into the United States is an essential element of the of-

---

1. The motion filed and as considered in the trial court also alleged the deprivation of counsel of his own choice. But he has now abandoned this contention and at the bar of the court-appointed counsel stated that he had been specifically directed to confine his appeal to the legal sufficiency of the indictment.

fense charged, and the specific contention is that the indictment in our case failed to so allege in the words of Robinson. It is true that the indictment did not use the literal words of the Robinson case, but it does charge that the petitioner "did knowingly and fraudulently and contrary to law import into the United States a quantity of a derivative and preparation of opium * * * in violation of 21. U.S.C. 174."

There is no magic to the words used in Robinson to allege guilty knowledge. The wording of this indictment clearly and sufficiently charges guilty knowledge as an essential element of the offense. The judgment of the trial court is affirmed.