Everett Churchill NELSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 52–68.

United States Court of Appeals
Tenth Circuit.

Feb. 12, 1969.

Paul D. Cooper, Denver, Colo., for appellant.

Lawrence M. Henry, U. S. Atty., Denver, Colo., for appellee.

Before HILL and HOLLOWAY, Circuit Judges, and BRATTON, District Judge.

HILL, Circuit Judge.

Appellant Nelson was tried to a jury and convicted of conspiring to transport altered securities in interstate commerce in violation of 18 U.S.C. § 371. The principal issue raised on this direct appeal is whether a conspiracy indictment is rendered fatally defective as a result of the failure to allege an essential element of the substantive offense upon which the conspiracy charge is based.

The indictment charged that the appellant and another named defendant, together with certain coconspirators, "wilfully and knowingly did combine, conspire, confederate and agree together and with each other to commit an offense against the United States, that is to transport or cause to be transported in interstate commerce, altered securities, knowing the same to have been altered in violation of 18 U.S.C. Sec. 2314." A number of overt acts were also specified but the indictment did not allege that the acts were accompanied "with unlawful and fraudulent intent" as is required to sustain a substantive

violation of 18 U.S.C. § 2314.[1] The failure to properly allege the requisite intent prompted appellant to initiate an unsuccessful pre-trial motion to quash the indictment.

As support for the proposition that the indictment must be dismissed, appellant relies upon Robinson v. United States, 263 F.2d 911 (10th Cir. 1959) where an indictment charging a conspiracy to traffic in narcotics was dismissed for failure to aver that the contraband was known to be unlawfully imported.[2] "The instant indictment fails to make this essential allegation and thus fails to state a public offense." Id. at 912. In dissenting, Judge Phillips indicated that inasmuch as the indictment identified the substantive offense which the defendants were conspiring to commit, it adequately apprised them of the charges and should not have been dismissed. This position was based upon the statement in Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1957) that the offense which is the object of a conspiracy need not be delineated with the particularity necessary to support a charge premised solely upon a violation of that substantive offense. A number of cases passing upon this question have agreed, often choosing to require little more than a reference to the underlying substantive statute.[3] On the other hand, while espousing the view that a conspiracy indictment need not unduly particularize the underlying offense, other decisions adhering to the holding in Robinson, have required that the indictment contain an allegation of specific intent where intent is expressly made an element of the offense.[4]

In short, while a conspiracy indictment need not allege the underlying offense with the same degree of specificity that is required to charge the offense itself, "indictments under the broad language of the general conspiracy statute must be scrutinized carefully * *." Dennis v. United States, 384 U.S. 855, 860, 86 S.Ct. 1840, 1843, 16 L.Ed.2d 973 (1966). In conformance with the lessons of Robinson, this scrutiny will be exercised to require an averment of the essential elements upon which the underlying offense rests. In fact, such scrutiny has been exhibited in cases dealing with charges identical to those in the case at bar. There the courts, at least implicitly, indicated that the unlawful intent must be alleged.[5] Such a

---

1. E. g., United States v. Salliey, 360 F.2d 699, 701 (4th Cir. 1966); Londos v. United States, 240 F.2d 1, 7 (5th Cir. 1957) cert. denied 353 U.S. 949, 77 S.Ct. 860, 1 L.Ed.2d 858.

2. *Robinson* was followed in the companion case of Burley v. United States, 363 F. 2d 912 (10th Cir. 1959); and in Davidson v. United States, 263 F.2d 959 (10th Cir. 1959).

3. United States v. Offutt, 75 U.S.App.D.C. 344, 127 F.2d 336 (1942); Freedman v. United States, 64 F.2d 661 (1st Cir. 1933); United States v. Switzer, 252 F. 2d 139 (2d Cir. 1958); Hanks v. United States, 97 F.2d 309 (4th Cir. 1938); Walker v. United States, 342 F.2d 22, 27 (5th Cir. 1965); United States v. Mixon, 374 F.2d 20 (6th Cir. 1967). Indeed, in Stein v. United States, 313 F.2d 518, 521 (9th Cir. 1962), the court expressly rejected Robinson declaring it to be contrary to certain pronouncements of the Supreme Court. The court cited Wong Tai as a case in point. Yet an analysis of the holding in Wong Tai reveals that the indictment in that case, unlike the indictment in Robinson, did contain an allegation that the defendant possessed the requisite guilty knowledge. An examination of additional Supreme Court decisions likewise fails to reveal any direct conflicts. See, United States v. Behrman, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619 (1922); Thornton v. United States, 271 U.S. 414, 423, 46 S.Ct. 585, 70 L.Ed. 1013 (1926); and Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).

4. Wilkins v. United States, 376 F.2d 552, 562 (5th Cir. 1967); United States v. Calhoun, 257 F.2d 673 (7th Cir. 1958); United States v. Chamley, 376 F.2d 57 (7th Cir. 1967). Cf., Gendron v. United States, 295 F.2d 897, 901 (8th Cir. 1961).

5. "The indictment * * * adequately charged that the acts forming the object of the conspiracy were done with the

requirement, contrary to various statements in some of the decisions discussed above, is not a reversion to the prolix indictments of the past, but rather, is wholly in keeping with the purpose of an indictment in apprising the accused of the nature of the charges against him. As we indicated in Davis v. United States, 347 F.2d 378, 379 (10th Cir. 1965), "There is no magic to the words used * * * to allege guilty knowledge." What is demanded, however, is a competent and forthright attempt to notify the accused of the extent of his alleged culpability. The present indictment failed to satisfy this criterion and must be dismissed.

■ Although the indictment was defective for the aforementioned reason, it is necessary to comment briefly upon the assertion by the appellant that the indictment was also faulty because it was based upon the passing of American Express Money Orders which are not "securities" within the meaning of 18 U.S.C. §§ 2311 and 2314. This contention is grounded upon the fact that although the definition of a "security" is somewhat broad, there is no specific reference to money orders. Nevertheless, it is clear that a money order is an "evidence of indebtedness" and therefore included within the statutory definition.[6]

Certain alleged trial errors have also been argued by the appellant. In view of our dismissal of the indictment, those assertions require no further comment except to note that in the event of a new trial, it is assumed that the trial court will take steps to prevent their reoccurrence.

Reversed with instructions to dismiss the indictment.

---

requisite intent." United States v. Chamley, 376 F.2d 57, 59 n. 3 (7th Cir. 1967). In Downing v. United States, 348 F.2d 594 (5th Cir. 1965) the court sustained the indictment against an assertion that it failed to allege that the defendant committed any crime against the United States. "The indictment under which [defendant] was tried substantially follows the language of the statutes involved * * *." Id. at 599. This court upheld an indictment "couched in the language of the statutes purportedly violated."

Woodring v. United States, 376 F.2d 619, 621 (10th Cir. 1967).

6. Cf., Castle v. United States, 287 F.2d 657 (5th Cir. 1961); McGee v. United States, 402 F.2d 434 (10th Cir. 1968); Kreuter v. United States, 376 F.2d 654 (10th Cir. 1967); United States v. Braverman, 376 F.2d 249 (2d Cir. 1967) cert. denied 389 U.S. 885, 88 S.Ct. 155, 19 L. Ed.2d 182; United States v. Smith, 310 F.2d 121 (4th Cir. 1962); United States v. Nelson, 273 F.2d 459 (7th Cir. 1960).