UNITED STATES of America, Plaintiff-Appellee,

v.

Antonio R. MITCHELL, Defendant-Appellant.

No. 84–1106.

United States Court of Appeals, Tenth Circuit.

June 17, 1985.

Rehearing Denied Aug. 7, 1985.

Jack P. Gibson, Denver, Colo., for defendant-appellant.

William S. Price, U.S. Atty., and Karla McAlister, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Before BARRETT, McKAY, Circuit Judges, and CARRIGAN, District Judge.*

McKAY, Circuit Judge.

Defendant was indicted on three counts involving receipt and possession of an illegal firearm. In count one the defendant was charged with making a false statement on a form, in violation of 18 U.S.C. § 922(a)(6) (1962); count two charged receipt of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(h) (1982); and count three charged possession of a firearm by a felon, in violation of 18 U.S.C. § 1202 (App.1985). Defendant was arraigned on September 22, 1983, at which time the court appointed counsel to represent him. Several pretrial motions and much pretrial discovery were prosecuted by Mr. Mitchell's court appointed counsel.

On October 7, 1983, defendant's counsel filed a motion to withdraw because of defendant's dissatisfaction with his work, and defendant requested permission to proceed pro se. On October 14, 1983, the district court judge ruled that the defendant could participate in his defense but that his court appointed counsel would remain in the case in an advisory capacity. At that time, the court ordered that the defendant had until October 26, 1983, to submit additional pretrial motions on his behalf.

Defendant prepared several pretrial motions that were delivered to the United States Attorney on October 31, 1983, but were not received by the court until the United States Attorney's office provided a copy to the court. Nevertheless, the court ruled on the motions on November 10, 1983. One of the motions filed by the defendant and by court appointed counsel requested money for an expert witness on the issue of handwriting analysis. This motion was granted, and court appointed counsel located two experts. Defendant did not approve of the experts located by counsel, however, and refused to accept their services.

On the day of trial, the defendant requested a continuance because he had no

* Honorable Jim R. Carrigan, United States District Court for the District of Colorado, sitting by designation.

expert and needed more time to prepare. Upon questioning, the defendant was unable to give the court any reason why he would be better prepared in ten days than he was on the day of trial. Therefore, the court ruled that there was no good cause for continuing the trial, and defendant's motion for a continuance was denied. In protest over the district court's ruling, the defendant stated that he would stand mute during the trial and would not permit his court appointed counsel to add anything to the trial. The district court judge attempted to dissuade the defendant from this course of action, pointing out the likely effect of such a strategy. Defendant stood firm, however. The trial proceeded, the case was submitted to the jury, and the jury returned a verdict of guilty on all three counts. The defendant was sentenced to two years imprisonment on each count, each sentence to run concurrently.

■■ On appeal, the defendant raises several issues. First, he alleges that the trial court erred in refusing to grant the requested continuance. The decision to grant or deny a motion for continuance is committed to the sound discretion of the trial judge. His decision will be reversed on appeal only upon a showing of clear abuse of discretion resulting in manifest injustice. *United States v. Gonzales-Palma,* 645 F.2d 844, 846 (10th Cir.1981), *cert. denied,* 454 U.S. 869, 102 S.Ct. 335, 70 L.Ed.2d 172 (1981). Defendant was provided with money for the hiring of an expert witness more than a week before trial, and his attorney of record provided him with the names of several expert witnesses, but the defendant refused to employ the experts. In addition, the defendant was unable to tell the district court what difference the ten-day continuance he was seeking would make in his presentation of the case. There was ample time for preparation of the case and absolutely no showing of what prejudice the defendant would suffer by the denial of the continuance. We therefore find that the district court did not abuse its discretion in denying the continuance.

The other errors of which defendant complains either directly resulted from his attempted manipulation of the trial through standing mute or could have and should have been obviated by proper presentation of his case at trial.

■ Defendant argues that certain prejudicial and inadmissible evidence was admitted against him. However, because of defendant's attempted sabotage of the trial, no objections were made to any of this evidence and defendant points to no evidence that was introduced that raises the spectre of plain error. Similarly, defendant complains about certain jury instructions. Again, no objections were made to the instructions of the court, and this court finds no plain error or defect affecting the defendant's substantial rights in the instructions submitted to the jury. Another group of arguments made by the defendant suggests that the government failed to prove a prima facie case. However, the evidence showed that the defendant, using the name Andfonze Mittrell, asked a girlfriend's mother to pick up his possessions from a bureau drawer in the house that the defendant alone occupied. On doing so, she found the firearms in question. Evidence showed that one of the firearms had been purchased on November 9, 1982 (after defendant's first conviction) by a person using the name Andfonze Mittrell, who failed to indicate on ATF form 4473 that he was a felon. The prosecution experts also offered testimony that the defendant had signed the fraudulent ATF form. Thus the evidence at the trial supports an inference that the defendant, using the name Andfonze Mittrell, unlawfully received one of the guns and that he falsified the form in the receipt of it. A prosecution witness also testified that the guns were not manufactured in Oklahoma. Unrebutted, this evidence is sufficient to prove that the guns had traveled in interstate commerce. Therefore, there is sufficient evidence in the record to support the defendant's conviction.

■ Defendant raises one further argument, which can be disposed of quickly.

He argues that count three of the indictment should have been dismissed because it alleges that he possessed the firearm "on or before" January 24, 1983, rather than alleging possession "on or about" that date, as would have been the proper terminology for the allegation. The district court overruled the appellant's motion to dismiss the indictment on this basis, ruling that "on or before" could be properly construed as "on or about." To support this decision, the district court cited *United States v. Grubb*, 527 F.2d 1107 (4th Cir. 1975). We agree with the district court's reasoning and therefore affirm the district court's decision on this point.

It is regrettable that the jury did not have an opportunity to hear the defendant's side of the story. However, this was the result of defendant's voluntary decision not to actively defend himself, and not the result of any error committed by the court. The trial judge, under very trying circumstances, went beyond his duty in attempting to give the defendant a fair trial. Defendant was given all the process he was due. Therefore, the defendant's conviction is affirmed.