**UNITED STATES of America, Plaintiff/Respondent,**

v.

**Mitcheal EDMONSON, Defendant/Movant.**

**No. 89–10054–05–SAC.**

United States District Court, D. Kansas.

March 21, 1995.

Mitcheal Edmunson, El Reno, OK, pro se.

James E. Flory, Office of U.S. Atty., Kansas City, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

On March 26, 1990, the jury returned a verdict finding Mitcheal Edmonson guilty of one count of conspiracy to distribute cocaine, one count of possession with intent to distribute approximately 10 kilograms of cocaine, and one count of possession with intent to distribute approximately 2.25 kilograms of marijuana. On June 8, 1990, the court sentenced Edmonson to a primary term of incarceration of 121 months. The defendant's conviction and sentence were affirmed on appeal, although the fine imposed for the costs of incarceration was vacated. *See United States v. Edmonson,* 962 F.2d 1535 (10th Cir.1992).

This case comes before the court upon Edmonson's "Motion to Modify an Imposed Term of Imprisonment" (Dk. 473). Edmonson seeks relief pursuant to 18 U.S.C. § 3582(c)(2) (modification of an imposed term of imprisonment based upon a lowered sentencing range). Edmonson contends that when he was sentenced, one to 2.9 kilograms of heroin had an offense level of 32. The defendant contends that United States Sentencing Commission, *Guidelines Manual,* § 2D1.1 (*USSG*) "has been amended to show the base offense level of one to 2.9 kilograms of heroin as a level 30." The effective date of the purported amendment is November 1, 1994. Edmonson contends that pursuant to *USSG* § 1B1.10(c), he is entitled to retroactive benefit of the purported amendment and seeks a sentence of 97 months.

The government opposes the defendant's motion, conceding that the amendment to the guidelines occurred, but arguing that Edmonson is not entitled to the benefit of the amendment.

## Analysis

The court has thoroughly reviewed § 2D1.1 and the appendix to the sentencing guidelines. *See* § 2D1.1 *Historical Note.* The court has also consulted with the probation department. The court can find no evidence of the purported amendment identified and accepted by the parties. The United States Sentencing Commission, *Guidelines Manual,* § 2D1.1(c)(4) (Nov. 1, 1994), which incorporates amendments effective through November 1, 1994, indicates that "[a]t least 1 KG but less than 3 KG of Heroin (or the equivalent amount of other Schedule I or II Opiates)" equals a base offense level of 32. The presentence report indicates that the drugs attributable to Edmonson converted to a total amount of 2.1 kilograms of heroin. To belabor the obvious, 2.1 kilograms falls between 1 kilogram and 3 kilograms.

Amendment 126, cited by Edmonson as authority for his requested sentence reduction, as best the court can discern, has absolutely no relevancy to the case at bar. *See USSG* App. C, Amendment 126 ("The purpose of this amendment is to conform the equivalency for fentanyl and fentanyl analogues to that set forth in the Drug Quantity Table and statute. **The effective date of this amendment is November 1, 1989.**"). Amendment 125, effective November 1, 1989, did delete the "Drug Quantity Table" in its entirety, and insert in lieu thereof a new "Drug Quantity Table." However, assuming *arguendo,* that Edmonson was somehow entitled to any benefit of that amendment, the substitution of tables did not change the base offense level of "32" for the amount of drugs attributed to Edmonson.

The court concludes that the offense level of "32" calculated in the presentence report was correctly computed and that no amendment to the relevant guideline has transpired. Consequently, in the absence of any basis to grant the relief requested, Edmonson's motion is denied.

IT IS THEREFORE ORDERED that Edmonson's "Motion to Modify an Imposed Term of Imprisonment" (Dk. 473) is denied.