**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HOMER BEN BARGER,

        Petitioner-Appellant,

v.

THE STATE OF OKLAHOMA,

        Respondents-Appellees.

No. 07-7008

District of Oklahoma

(D.C. No. CIV-05-90-FHS-KEW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

Homer Ben Barger, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because we conclude that Mr. Barger has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

## I. Background

Mr. Barger was convicted of first-degree murder and second-degree burglary in connection with the fatal shooting of Richard Harkey in the early morning hours of February 29, 2000, with a Marlin .22 Magnum rifle that had been stolen from Harkey's residence on February 22, 2000. His convictions were affirmed on direct appeal. We summarize the facts in some detail because one of the issues he now raises is the sufficiency of the evidence supporting both of these convictions.

On February 7, 2000, Mr. Barger's estranged wife, Kelly, left him and moved back in with Mr. Harkey, who was her former husband. On February 22, Kelly discovered that the Harkey residence had been ransacked and burglarized. Among the missing items were three guns: a Marlin .22 Magnum rifle, a disassembled .22 rifle, and a muzzle loader. The .22 Magnum had a dark-colored scope, and the disassembled rifle had a silver scope. After the burglary and before Mr. Harkey was murdered, Mr. Barger confessed to his roommate,

Brandon Satterfield, that he burglarized Mr. Harkey's residence, and showed Mr. Satterfield a silver scope and a dark scope.

Sometime between 4:00 a.m. and 4:45 a.m. on February 29, 2000, Mr. Harkey heard a noise outside his residence and went out to investigate, armed with a child's BB gun. Kelly saw him running across the yard, holding the BB gun and screaming. Kelly then heard at least three gunshots. Forensic evidence later confirmed that the weapon used during the murder was the same weapon stolen from the home the previous week.

On February 29, and again on March 1, 2000, Mr. Barger went to the home of Harlen Smith. On the second day, Mr. Barger told Smith that Kelly's ex-husband had been murdered and that he had been down at the Harkey residence in Caney the night before. Mr. Barger also told Mr. Smith that the police would probably be looking for him because there was evidence of him being at the scene earlier that day, such as vehicle tire tracks, and his footprints and fingerprints.

## II.  Sufficiency of the Evidence

Mr. Barger first claims that the jury convicted him against the weight of the evidence in violation of the Fourteenth Amendment's Due Process Clause. Habeas relief may be proper when the state court adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d)(2). "Sufficiency of the evidence can be considered to be a mixed question of law and fact." *Case v. Mondragon*, 887

-3-

F.2d 1388, 1392 (10th Cir. 1989). For federal habeas review of a state court conviction we ask "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The Supreme Court has repeatedly stressed "the deference to be given to the trier of fact" and the "sharply limited nature of constitutional sufficiency review." *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, 443 U.S. at 319). We must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (citing *United States v. Edmondson*, 962 F.2d 1535, 1548 (10th Cir. 1992)). Mr. Barger contends that the district court used an incorrect standard of evidence in denying his habeas petition. In particular, he says the district court used a burden of "any evidence" rather than "beyond a reasonable doubt" in finding sufficient evidence for conviction. That is a misinterpretation of the district court opinion. The district court correctly applied the *Jackson* standard in which any "rational trier of fact could have found the essential elements of the crime *beyond a reasonable doubt*." *Jackson*, 443 U.S. at 319 (emphasis added). However, because insufficiency of evidence claims are reviewed *de novo* by this court, we will reexamine the facts here.

We begin with the burglary. Brandon Satterfield, Mr. Barger's former roommate, testified that Barger admitted the burglary to him and gave significant details of the crime. He also testified that Mr. Barger showed him two scopes and told him where he had disposed of the stolen property. Although Mr. Barger denied, in his own testimony, that these events occurred, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. We find that the evidence was more than sufficient under the *Jackson* standard to support his burglary conviction and that the decision of the Court of Criminal Appeals was consistent with federal law.

There was also sufficient evidence to support the murder conviction. While it is true that no eye witness could identify Mr. Barger as the person who shot Harkey, eye witnesses are not prerequisites to finding a defendant guilty beyond reasonable doubt. Forensic evidence shows that the rifle that Mr. Barger told Satterfield he had stolen from Harkey's home was the murder weapon. Satterfield testified that he and Mr. Barger had discussed possible methods to kill Harkey, including shooting him. They even discussed different ways to disguise Barger, including wearing a ski mask and painting around the eyes and mouth so that his race could not be determined. Mr. Barger also stated to Satterfield that he could lure Harkey out of his residence by making noise outside near Harkey's truck.

Again, as the Court laid out in *Jackson*, we must interpret this evidence in favor of the prosecution. *Jackson*, 443 U.S. at 326. We find that the evidence was sufficient to permit a rational juror to convict Mr. Barger of murder in the first degree beyond a reasonable doubt, and that Mr. Barger has not met his burden of making a substantial showing to the contrary.

### III. Improper Admission of Deposition Testimony

Mr. Barger next claims the trial court abused its discretion in allowing the deposition of Mr. Smith to be used in lieu of live testimony in court, thereby denying the defendant the opportunity to confront witnesses against him in violation of the Sixth Amendment. "In considering a Confrontation Clause claim on habeas . . . we review a state court decision by assessing whether it is reasonably supported by the record and whether its legal analysis is constitutionally sound." *Paxton v. Ward*, 199 F.3d 1197, 1209 (10th Cir. 1999). "As a general matter, federal habeas corpus relief does not lie to review state law questions about the admissibility of evidence, and federal courts may not interfere with state evidentiary rulings unless . . . [they] rendered the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." *Moore v. Marr*, 254 F.3d 1235, 1246 (10th Cir. 2001) (internal quotations and citations omitted). The district court provided a thorough analysis of Oklahoma law on the admission of deposition testimony, finding that the trial court did not abuse its discretion in admitting such evidence according to Oklahoma law. Although the district court

did not specifically say that Oklahoma law in this instance is in line with the Confrontation Clause, we conclude that it is.

Testimonial statements of a witness who does not appear at trial are admissible under the Sixth Amendment so long as the witness was "unavailable to testify, and the defendant . . . had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 54 (2004). Mr. Barger does not dispute that the witness, Mr. Smith, was unavailable. Moreover, Mr. Barger's counsel was present during Mr. Smith's deposition and took full advantage of the opportunity to cross-examine the witness.

Mr. Barger argues, however, that he did not have a proper opportunity to cross-examine because he changed counsel between the deposition and trial, and his trial counsel thus did not have an opportunity to cross-examine Mr. Smith. Unfortunately for Petitioner, the Confrontation Clause provides him "only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Kentucky v. Stincer*, 482 U.S. 730, 739 (internal quotation marks omitted). Barring evidence of ineffective counsel at the deposition, which is not claimed, we find no precedent suggesting that switching counsel in the midst of trial proceedings automatically renders cross-examination by the defendant's first counsel ineffective. Indeed, such a rule would invite parties to engage in the strategic replacement of counsel whenever an important witness, who had

previously been cross-examined, becomes unavailable to testify at trial.  Not surprisingly, neither this Court nor the Supreme Court has accepted such an argument, and we do not believe it warrants a certificate of appealability.

### IV.  Conclusion

We **DENY** Mr. Barger's request for a COA and **DISMISS** this appeal.

Entered for the Court,

_____


Michael W. McConnell
Circuit Judge