946 F.2d 901
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gustavo DeJesus RUIZ, Defendant-Appellant.
 No. 91-6171.
 United States Court of Appeals, Tenth Circuit.
 Oct. 11, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Gustavo DeJesus Ruiz was convicted by a jury of conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C. § 846. On appeal he raises two issues, whether the court erred (1) in overruling defendant's motion for acquittal based on insufficiency of the evidence to show defendant was a member of a conspiracy within five years of the date of the indictment, and (2) in denying defendant's motion for a continuance.
 
 
 3
 We have reviewed the transcript of the trial and are satisfied that there is sufficient evidence to support defendant's conviction of having been a member, within five years of the indictment, of the charged conspiracy to distribute cocaine. The date of the indictment was June 20, 1990. Jose Alberto Munoz testified that in December 1985 he obtained cocaine from defendant, sold it to Rick Kutej, and gave the money to defendant. I Supp.R. at 102-03. Mary Munoz testified that in October or November 1985 defendant provided her husband with cocaine for resale. I Supp.R. at 181-82. Testimony by Melvin "Butch" Ayers and Ricky Joe Kutej also implicated defendant in the conspiracy to distribute cocaine. I Supp.R. at 142, 152, 215. Viewing the evidence in the light most favorable to the government, there was substantial evidence to support the jury finding of guilt. See United States v. Boley, 730 F.2d 1326, 1329-30 (10th Cir.1984).
 
 
 4
 We apply an abuse of discretion standard to the court's denial of a motion for continuance. See United States v. Mitchell, 765 F.2d 130, 132 (10th Cir.), cert. denied, 474 U.S. 983 (1985). In deciding whether to grant a continuance, the district court balances the following factors:
 
 
 5
 1) the nature of the case and whether the parties have been allowed adequate time for trial preparation;
 
 
 6
 2) the diligence of the party requesting the continuance;
 
 
 7
 3) the conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance;
 
 
 8
 4) the effect of the continuance and whether a delay will seriously disadvantage either party;
 
 
 9
 5) the asserted need for the continuance, with weight to be given sudden exigencies and unforeseen circumstances.
 
 
 10
 United States v. Coronel-Quintana, 752 F.2d 1284, 1287-88 (8th Cir.), cert. denied, 474 U.S. 819 (1985) (citations omitted).
 
 
 11
 Defendant argues that the continuance he requested a few days before trial should have been granted to permit him to examine testimony given by witness Jose Alberto Munoz in a criminal case in the District of New Jersey. Defendant points out that he was informed only six days before trial that Munoz would testify against him; however, this was not a sudden exigency. Munoz had testified against defendant six months earlier in the New Jersey trial, and the likelihood Munoz could again be a witness against him was known to defendant in time to request the transcript well before trial in the instant case. Moreover, the government cooperated and attempted to obtain a transcript, but a transcript had never been ordered and thus was not readily available. Furthermore, defendant made no showing that a transcript would have assisted in cross-examining or impeaching Munoz.
 
 
 12
 Even if defendant is correct in his assertion that the transcript would have assisted in cross-examination of Munoz regarding use of Western Union money order transfers, there were four other witnesses who testified to the use of such money transfers to relay cocaine proceeds to defendant, and the transcript could not possibly have aided in the impeachment of those witnesses.[1] After review, we are satisfied that the district court did not abuse its discretion in denying the continuance.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The district court noted that a continuance would have required that witnesses made available under security arrangements be "sent back." I Supp.R. at 11. A delay due to a continuance thus could have disadvantaged the government