**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DAVID T. CONSTANTINE,

      Defendant-Appellant.

_____

No. 96-6284

(D.C. CR-96-56-R)
(Western District of Oklahoma)

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MICHAEL S. CONSTANTINE,

      Defendant-Appellant.

No. 96-6311

(D.C. CR-96-56-R)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has unanimously

determined that oral argument would not materially assist the determination of

---

    *  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Defendants David T. and Michael S. Constantine (hereinafter, "David" and "Michael," respectively) are brothers who appeal their convictions and sentences. The indictment alleged that the defendants engaged in a scheme to file tax returns containing false information, under David's and others' names, seeking refunds to which they were not lawfully entitled.  After a joint trial, David and Michael were each convicted on one count of conspiracy to file false tax returns, in violation of 18 U.S.C. § 286.  David was also convicted on eight counts of filing false tax returns, in violation of 18 U.S.C. § 287.

On appeal, David argues that the evidence was insufficient for his conspiracy conviction; that he did not file a "claim" within the meaning of 18 U.S.C. § 287; and that the district court erred in calculating the loss to the IRS and in classifying him as an "organizer or leader" of the criminal activity. Michael argues that the district court erred in denying his motions for severance and continuance; that the evidence of conspiracy at trial was both insufficient for his conviction and at variance with the allegations in the indictment; and that the district court erred in attributing to him the amount of loss to the IRS.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.  We will address David's arguments and then turn to Michael's.

# I. DISCUSSION

## A. David

### 1. Conspiracy

David argues that the evidence was insufficient for his conspiracy conviction. "Evidence is sufficient to support a conviction if the evidence and the reasonable inferences drawn therefrom, when viewed in the light most favorable to the government, would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." United States v. Markum, 4 F.3d 891, 893 (10th Cir. 1993).

David argues that the evidence failed to show an agreement to violate the law and interdependence, which are essential elements of conspiracy. See United States v. Angulo-Lopez, 7 F.3d 1506, 1510 (10th Cir. 1993). "[T]he agreement need not be formal or explicit but rather may be inferred from facts and circumstances." United States v. Arutunoff, 1 F.3d 1112, 1116 (10th Cir. 1993). The facts and circumstances must show interdependence — the alleged conspirators must have relied on each other in achieving a common, illicit goal. See Angulo-Lopez, 7 F.3d at 1510.

We disagree with David that others simply imitated the brothers' illegal conduct, without the Constantines' encouragement or assistance: the evidence at trial established that David recruited others under whose names false returns would be filed, supplied the false information contained on the returns, and assisted in the filing of the returns. See, e.g., Rec. vol. IV, at 250-54 (Trial Tr., dated May 22, 1996). This is sufficient evidence of interdependence with the others. However, even if David and Michael did conspire with no one but themselves, the evidence was still sufficient for conviction. See Rutledge v. United States, 116 S. Ct. 1241, 1246 n.7 (1996) ("[A] conspiracy requires only two.").

## 2. "Claim"

David challenges his convictions for filing false tax returns, on the ground that he did not file false "claim[s]" within the meaning of 18 U.S.C. § 287. This argument raises a question of statutory interpretation, which we review de novo. See United States v. Morgan, 922 F.2d 1495, 1496 (10th Cir. 1991).

David argues that the returns at issue were untimely under 26 U.S.C. § 6072(a). See 26 U.S.C. § 6072(a) (1994) ("[R]eturns made on the basis of the calendar year shall be filed on or before the 15th day of April following the close of the calendar year . . . ."). Therefore, David argues, the returns were not

4

"claim[s]" under 18 U.S.C. § 287. See 18 U.S.C. § 287 ("Whoever makes or presents . . . any claim upon or against the United States . . . knowing such claim to be false . . . shall be imprisoned . . . and . . . subject to a fine . . . .").

However, the former statute does not purport to define "claim" for purposes of the latter, nor does the latter reference the former. We see no reason to restrict the definition of "claim" in a way that Congress has not. Furthermore, as an IRS representative testified at trial, the government will honor a claim seeking a refund regardless of its timeliness. See Rec. vol. III, at 135 (Trial tr., dated May 21, 1996). Accordingly, David's objection to his false filings convictions is without merit.

### 3. Sentencing

### a. Amount of Loss

David argues that the district court erred in calculating the amount of loss to the IRS, for purposes of determining his offense level under United States Sentencing Guideline ("U.S.S.G.") § 2F1.1. David contends that the loss calculation should have been limited to the 13 returns referenced in the indictment. According to David, evidence presented at the sentencing hearing was insufficient to link him to 15 additional returns.

We review factual findings underlying a district court's offense-level calculation for clear error. See United States v. Kunzman, 54 F.3d 1522, 1531 (10th Cir. 1995). At the sentencing hearing, there was evidence that all 28 returns listed wages of $24,500, and that the majority of the returns sought refunds of either $3,159 or $3,059. See Rec. suppl. vol. I, at 6-7 (Tr. of sentencing, dated July 30, 1996). Furthermore, only three employers — Phillips Petroleum, Unisys Corporation, and M&C Services — were listed in 24 of the 28 returns. See id. at 8. Phillips Petroleum is the longtime employer of the defendants' father. See id. Unisys Corporation is the former employer of Michael's ex-girlfriend. See id. at 10. M&C Services is David's former employer. See id. at 11. In light of this support in the record, connecting the returns to each other and to David, we are not left with a "'definite and firm conviction'" that the district court erred in concluding that all 28 returns were part of the conspiracy of which the defendants were convicted. United States v. Pappert, 112 F.3d 1073, 1078 (10th Cir. 1997) (quoting United States v. McAlpine, 32 F.3d 484, 488 (10th Cir. 1994) (internal quotations omitted)).

**b. "Organizer or Leader"**

David argues that the district court erred in assessing a four-level increase in his offense-level, pursuant to U.S.S.G. § 3B1.1(a), for his role as an "organizer or leader" in the criminal activity. We disagree.

We review the sufficiency of the evidence for the enhancement for clear error. Cf. United States v. Brown, 995 F.2d 1493, 1500 (10th Cir. 1993) (reviewing enhancement under § 3B1.1(c)). Among the factors that show a leadership and organizational role are: "the recruitment of accomplices . . . , the degree of participation in planning or organizing the offense . . . , and the degree of control and authority exercised over others." U.S.S.G. Manual § 3B1.1 cmt. (n.4) (1995). As noted above, the evidence at trial established that David recruited others under whose names false returns would be filed, supplied the false information contained on the returns, and assisted in the filing of the returns. See Rec. vol. IV, at 250-54, 289-93, 307-11 (Trial Tr., dated May 22, 1996). Furthermore, although David contends "Michael . . . was the mastermind behind the scheme," Aplt's Br. at 18, "[t]here can . . . be more than one person who qualifies as a leader or organizer." U.S.S.G. Manual § 3B1.1 cmt. (n.4). Accordingly, we find no error in the district court's enhancement for David's role as a leader or organizer.

## B. Michael

### 1. Severance

Michael argues that he should not have been tried jointly with his brother, because the bulk of the counts — eight out of nine — pertained only to David, and the jury was likely to have found Michael guilty simply based on the defendants' sibling relationship. We disagree.

The presumption is that persons indicted together for conspiracy should be tried together. See United States v. Hardwell, 80 F.3d 1471, 1486 (10th Cir. 1996). We review a district court's denial of a motion for severance for abuse of discretion. See id. We will not reverse absent a strong showing of prejudice. See United States v. Edwards, 69 F.3d 419, 434 (10th Cir. 1995), cert. denied, 116 S. Ct. 2497 (1996). The prejudice a defendant must show "is a serious risk that a joint trial [will] compromise a specific trial right . . . , or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). "[A] negative spill-over effect from damaging evidence presented against [a] codefendant[]" is insufficient prejudice to warrant severance. United States v. Wacker, 72 F.3d 1453, 1468 (10th Cir. 1995), cert. denied, 117 S. Ct. 136 (1996). Although the risk of prejudice from a joint trial is heightened when defendants have "markedly different degrees of culpability,"

8

Zafiro, 506 U.S. at 539, "limiting instructions[] often will suffice to cure any risk of prejudice." Id. Limiting instructions can likewise cure the risk of prejudice stemming from two defendants being siblings. See United States v. Mandel, 591 F.2d 1347, 1371 (4th Cir. 1979); United States v. Juarez, 573 F.2d 267, 280 (5th Cir. 1978). Appropriate limiting instructions advise the jury to consider the evidence admitted against each defendant separately. See Zafiro, 506 U.S. at 539 (citing instructions in Richardson v. Marsh, 481 U.S. 200 (1987)). Michael does not suggest that such instructions were not given; thus, he fails to make a strong showing of prejudice.

Michael further argues that his defense was antagonistic to his brother's and could only have been presented in a separate trial. Michael's theory appears to be that his brother could have exculpated him, but chose not to testify in the joint trial. See Rec. vol. II, at 4 (Tr. of pretrial mots., dated May 20, 1996). Seven factors are relevant for considering whether to sever based on potential exculpatory testimony: (1) the likelihood that the codefendant would in fact testify if the cases were severed; (2) the significance of the testimony to the theory of the defense; (3) the testimony's exculpatory nature and effect; (4) the likelihood that the testimony would be impeached; (5) the prejudice caused by the absence of such testimony; (6) the effect of severance on judicial economy; and (7) the timeliness of the motion. See United States v. Powell, 982 F.2d 1432-33,

9

19 (1st Cir. 1992). Michael has not addressed these seven factors and thus has failed to make a strong showing of prejudice. Accordingly, we conclude that the district court did not abuse its discretion in denying the motion for severance.

## 2. Continuance

Michael argues that the district court erred in denying his motion for continuance. We will reverse the denial of a motion for continuance only upon a showing of "clear abuse of discretion resulting in manifest injustice." See United States v. Mitchell, 765 F.2d 130, 132 (10th Cir. 1985). We look for an "insistence upon expeditiousness in the face of a justifiable request for delay, [which] render[s] the [constitutional] right to defend with counsel an empty formality." Ungar v. Sarafite, 376 U.S. 575, 589 (1964).

Michael's counsel did not move for continuance until the eve of trial. See Rec. vol. II, at 9 (Tr. of pretrial mots., dated May 20, 1996). By that time, many out-of-town witnesses had already arrived. See id. at 6, 9.

Counsel's delay is difficult to explain: Although she apparently learned only the week before trial that David would not plead, see id. at 3, we do not understand why she would have banked on his plea and not prepared an alternative trial strategy. Furthermore, although her co-counsel (more experienced in federal court than she) withdrew prior to trial, see id., she delayed

10

almost two weeks before moving for continuance.  See id. at 6 (noting that co-counsel's withdrawal was approved on May 7, 1996).

Furthermore, we think the motion for continuance may have been little more than a back-door attempt to secure the severance that the district court properly denied; in his brief on appeal, Michael asserts that continuance would hardly have prejudiced the government since David had not made a similar request and his trial could go forward.  See Aplt's Br. at 19.  In any event, we have reviewed the trial transcript and do not believe the denial of continuance rendered Michael's counsel ineffective.  See generally Rec. vols. III & IV (Trial tr., dated May 21-23, 1996).  Accordingly, we do not believe the district court erred in denying the motion for continuance.

### 3.  Variance

Michael argues that the evidence at trial established not the single conspiracy alleged in the indictment, but rather multiple conspiracies of which he was not a member.  We disagree.

A variance between the allegations in the indictment and the proof at trial is fatal to a conviction if the variance affects "'the substantial rights of the accused.'"  Edwards, 69 F.3d at 432 (quoting Berger v. United States, 295 U.S. 78, 82 (1935)).  Substantial rights are affected "when the jury determines a

11

defendant's [membership in a conspiracy] by relying on evidence adduced against coconspirators who were involved in separate conspiracies." Id. Whether Michael was a member of a single conspiracy, as alleged in the indictment, is a question for the jury. See id. at 432-33. We review the evidence in the light most favorable to the government. See id. at 432.

As noted above, there was substantial similarity among the false returns filed — in terms of wages reported, refunds claimed, and employers listed. Michael first proposed the tax fraud scheme to David. See Rec. vol. III, at 145 (Trial tr., dated May 21, 1996). Michael apparently cashed one of the fraudulently-obtained checks using an alias. See id. at 221-25. Michael's fingerprints were found on a false return filed in the name of Alvin Phyffer. See Rec. vol. IV, at 378-79 (Trial tr., dated May 22, 1996). Finally, Michael accompanied David to post office boxes opened to receive fraudulently-obtained refund checks. See id. at 407-08. We believe that this and the other evidence at trial showed that Michael was a member of the single conspiracy alleged in the indictment. See Edwards, 69 F.3d at 432 ("In determining whether a single conspiracy existed, a focal point of the analysis is whether the alleged coconspirators' conduct exhibited interdependence."). We note that the government was free to establish Michael's guilt entirely through circumstantial evidence. See United States v. Troutman, 814 F.2d 1428, 1446-47 (10th Cir.

1987) ("Conspiracy cases may be proven exclusively by circumstantial evidence."). Thus, no variance existed.

Even if a variance did exist, the strength of evidence underlying Michael's conviction was strong. See Edwards, 69 F.3d at 433 (noting that "the strength of the evidence underlying the conviction" is relevant to whether substantial rights were affected). Furthermore, we do not believe the evidence was so intricate that the jury could not separate Michael's involvement from David's. See id. (noting that the possibility of confusion among jurors may suggest that substantial rights were affected). Thus, we conclude that the jury was able to properly determine Michael's guilt.

## 4. Sufficiency of the Evidence

Michael challenges the sufficiency of the evidence in terms substantially indistinguishable from his variance argument. We see no need to address the sufficiency argument separately.

## 5. Amount of Loss

Michael argues that his offense level under U.S.S.G. § 2F1.1 should not have been based on the loss to the IRS calculated by the district court because he

was only minimally involved in the tax fraud scheme. We review factual findings underlying offense-level calculations for clear error. See Kunzman, 54 F.3d at 1531. Under U.S.S.G. § 1B1.3, relevant conduct for offense-level calculations includes "in the case of a jointly undertaken criminal activity . . . , all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. Manual § 1B1.3(a)(1)(B). We agree with the district court that "there was a strong circumstantial case" that Michael had reason to foresee the acts that his brother undertook in furtherance of the conspiracy. Rec. suppl. vol. III, at 18-19 (Tr. of sentencing, dated Aug. 21, 1996). Accordingly, we find no error, clear or otherwise, in the district court's attribution to Michael of the amount of loss.

## II. CONCLUSION

For the foregoing reasons, we conclude that the defendants' arguments lack merit: As to David: (1) the evidence was sufficient for his conspiracy conviction; (2) his false filings convictions did not require the returns to be timely; and (3) the district court did not err in calculating the amount of loss or in sentencing him as an organizer or leader. As to Michael: (1) the district court did not err in denying his motions for severance and continuance; (2) there was no variance that affected his substantial rights as to the allegation and proof of

14

conspiracy; (3) the evidence was sufficient for his conviction; and (4) the district court did not err in attributing to him the calculated loss. Accordingly, the judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge

15