**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JERRY ALLEN LEGG,

    Defendant - Appellant.

No. 97-6182
(D.C. No. CR-96-184-C)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **MCKAY** and **LUCERO**, Circuit Judges.

Defendant-appellant Jerry Allen Legg was charged in a four-count indictment with willfully submitting false and misleading reports to the Department of Veterans Affairs in violation of 18 U.S.C. § 1001 (Counts 1, 3 and 4), and willfully embezzling and misappropriating five hundred dollars derived from payments by the Department of Veterans Affairs in violation of 38 U.S.C. §

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

6101 (Count 2). Defendant, who was represented by counsel, was tried before a jury in the District Court for the Western District of Oklahoma. The jury found him guilty of Counts 1 and 4 and acquitted him of Counts 2 and 3. He was sentenced to 21 months on each count to run concurrently, the lowest sentence in the Guidelines Range for the offenses of which he was convicted.

Defendant now challenges his conviction on the following four grounds: (1) the trial court abused its discretion in denying the defendant a thirty-day continuance prior to the start of jury selection; (2) the trial court lacked jurisdiction over the defendant's administration of guardianship estates created by Oklahoma state law which were the subject of the indictment; (3) the Veterans Affairs field officer who testified at trial committed perjury; and (4) the prosecutor engaged in misconduct, by knowingly presenting false and misleading grand jury testimony and by appearing on behalf of the government at the sentencing after his official retirement. Defendant also moves for appointment of new counsel. We find that defendant's appeal is meritless and affirm the conviction and sentence.

Defendant's trial attorney submitted an <u>Anders</u>[1] brief asserting, as the sole ground for appeal, that the district court erred in denying the defense's motion for a continuance. A trial court's decision to grant or deny a continuance will be reversed only upon a showing of clear abuse of discretion resulting in manifest injustice. <u>United States v. Mitchell</u>, 765 F.2d 130, 132 (10th Cir. 1985). Prior to jury selection, the defense filed a motion for a thirty-day continuance in order to review discovery documents produced by the prosecution on the eve of trial. At the hearing on defendant's motion, the defense attorney said he could not determine whether he had already received copies of the documents in question and could not establish any prejudice from the alleged late disclosure. The trial court denied the motion, but did permit a twenty-hour continuance for defense counsel to review the documents. Defendant has not shown that the shorter continuance prejudiced him in any way, and defense counsel states in the <u>Anders</u> brief that the time was sufficient to review the documents. The trial court did not abuse its discretion in denying the requested continuance.

Defendant's jurisdictional argument is meritless. The indictment charges that defendant made false statements to a federal agency, the Department of

---

[1]Under <u>Anders v. California</u>, 386 U.S. 738 (1967), defense counsel who believes an appeal to be frivolous may file a motion to withdraw as counsel but must submit an accompanying brief "referring to anything in the record that might arguably support the appeal." <u>Id.</u> at 744.

Veterans Affairs, in violation of a federal statute, 18 U.S.C. § 1001. Prosecution for this offense properly falls under federal court jurisdiction.

Defendant presents no evidence supporting his next claim, that a prosecution witness committed perjury. Weighing the credibility of witnesses is the province of the jury, and this court will not second-guess a jury's credibility determinations. See United States v. Youngpeter, 986 F.2d 349, 353 (10th Cir. 1993).

Defendant's argument that the grand jury proceedings were tainted by false testimony is also without merit. No objections to the grand jury proceedings were raised at any time before or during the trial. Challenges to grand jury proceedings raised for the first time on appeal are untimely. See Fed. R. Crim. P. 12(b) (requiring any objection based on defects in institution of prosecution or indictment, other than lack of jurisdiction or failure to state an offense, be raised prior to trial); United States v. Vecchiarello, 536 F.2d 420, 423 (D.C. Cir. 1976). Defendant provides no support for his allegation that the prosecutor knowingly presented false testimony before the grand jury, failing to even specify what testimony constituted perjury.

Finally, defendant alleges that the trial prosecutor improperly appeared for the sentencing after the effective date of his retirement. The Acting United States Attorney ratified this appearance nunc pro tunc by letter dated June 4, 1997.

Defendant raises no challenge to the validity of this ratification, and presents no argument that the prosecutor's appearance caused him prejudice amounting to reversible error.

Defendant's conviction and sentence are affirmed, and his motion for appointment of new counsel is denied.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge