**UNITED STATES of America, Plaintiff,**

v.

**Alan D. SHEPARD, Defendant.**

**No. 99–40055–01–SAC.**

United States District Court,
D. Kansas,
Topeka Division.

Aug. 17, 1999.

Melody J. Evans, Office of Federal Public Defender, Topeka, KS, defendant pro se.

Robin D. Fowler, Office of United States Attorney, Topeka, KS, for plaintiff.

David J. Phillips, Office of Federal Public Defender, Topeka, KS, defendant pro se.

Alan D Shepard, Topeka, KS, defendant pro se.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the defendant's following pretrial motions: Notice of Demand for Disclosure of Evidence (Dk.14); Motion to Disclose Expert Testimony (Dk.15); Motion to Dismiss Indictment or, in the alternative, for Bill of Particulars (Dk.17); and Motion to Disclose Witness and Produce Relevant Information (Dk.20). The government has filed two responses to these motions (Dks. 23 and 25). On August 10, 1999, the court heard counsels' current positions on the matters still contested in these motions. Having reviewed the different fil-

ings and researched the relevant issues, the court is ready to rule.

## INDICTMENT

On May 26, 1999, the grand jury returned a four-count indictment charging the defendant with distributing crack cocaine on four separate occasions in violation of 21 U.S.C. § 841(a)(1). Count one charges that the defendant knowingly and intentionally distributed 2.14 grams of crack cocaine on March 1, 1999. Count two charges that the defendant knowingly and intentionally distributed .47 grams of crack cocaine on April 8, 1999. Count three charges that the defendant knowingly and intentionally distributed 1.71 grams of crack cocaine on May 25, 1999. Count four charges that the defendant knowingly and intentionally distributed .91 grams of crack cocaine on May 25, 1999.

## NOTICE OF DEMAND FOR DISCLOSURE OF EVIDENCE (Dk.14).

Citing Federal Rules of Evidence 404(b) and 609, the defendant "demands notice of any criminal activity or act of moral turpitude allegedly committed" or attributed to him which the government may use at trial or in rebuttal. The defendant also requests notice of any evidence that the government intends to offer pursuant to Rule 807.

The government does not object to disclosure pursuant to Rules 404(b) and 807. The government shall provide timely disclosure of the same no later than two weeks prior to trial. The government objects that the defendant is not entitled to notice under Rule 609 and suggests that the defendant read the rap sheets already provided in discovery. The court sustains the government's objection to any additional notice pursuant to Rule 609.

## MOTION TO DISCLOSE EXPERT TESTIMONY (Dk.15).

The defendant seeks disclosure of the government's expert witnesses and a summary of their testimony pursuant to Fed.R.Crim.P. 16(a)(1)(E).[1] Specifically, the defendant com-

plains that the standard lab results and certificate of analysis submitted by the Kansas Bureau of Investigation after testing the alleged crack cocaine do not satisfy the written summary requirements of Rule 16(a)(1)(E). The government states that the laboratory reports and the sworn certificate convey the substance of the expert testimony, the bases thereof, and witness's qualifications. The defendant's motion does not demonstrate that the requirements of Rule 16(a)(1)(E) remain unsatisfied.

The defendant also requests that the government furnish summaries of any expert witness testimony "regarding the nature and habits of persons known to possess and distribute drugs or ... on any other matter related to this investigation and prosecution." (Dk.16, p. 2). Opposing the request, the government says the possibility of such testimony in this case would be limited to "mundane matters such as the use of pagers, phones, plastic baggies, lookouts, and drug quantities." (Dk.23, p. 3). The government argues the Rule 16(a)(1)(E) disclosure requirements were meant for "traditional" expert testimony and not "lay" testimony based on officer's observations and experience.

As demonstrated in the Tenth Circuit decisions cited here, law enforcement officers often testify as expert witnesses when they give their opinions or conclusions regarding drug trafficking activities. *See, e.g., United States v. Diaz–Zappatta,* 131 F.3d 152, 1997 WL 731790, at *3 (10th Cir. Nov. 25, 1997) (table) (Officer gave expert testimony "regarding the purposes for which drug dealers bring guns to drug transactions"); *United States v. Peach,* 113 F.3d 1247, 1997 WL 282867, at *3–4 (10th Cir. May 28, 1997) (table) (Detective "testified as an expert witness on crack cocaine sales and the differences between crack cocaine users, user-dealers, and dealers"), *cert. denied,* —— U.S. ——, 118 S.Ct. 428, 139 L.Ed.2d 329 (1997); *United States· v. Quintana,* 70 F.3d 1167, 1170–71 (10th Cir.1995) (Detective testified as an expert in explaining the drug jargon

---

1. The defendant's motion does not comply with this court's Criminal Procedural Guidelines, as it does not disclose "that counsel conferred and were unable to agree upon production of the requested information." As provided in those Guidelines, the court "may summarily deny" a motion that does not comply with this requirement. Defense counsel should not expect that the court will indulge any further violations of its Guidelines.

used in wiretap evidence); *United States v. Muldrow,* 19 F.3d 1332, 1338 (10th Cir.) (Officer with "specialized knowledge" gained from education, training and experience in the investigation of drug trafficking offenses testified as an expert about "drug trafficking in the community, amounts of cocaine sold on the streets, the prices of cocaine," what qualifies as a large amount of cocaine, the dangers in transporting large amounts of drugs, and whether a particular amount was intended for distribution or personal use), *cert. denied,* 513 U.S. 862, 115 S.Ct. 175, 130 L.Ed.2d 110 (1994); *United States v. Garcia,* 994 F.2d 1499, 1506 (10th Cir.1993) (FBI language specialist gave expert opinion on "jargon used in drug trade"); *United States v. Sturmoski,* 971 F.2d 452, 459 (10th Cir.1992) (Agent qualified to testify as an expert on the value of methamphetamine labs and an operator's desire to protect the lab through the use of firearms); *United States v. Harris,* 903 F.2d 770, 775–76 (10th Cir.1990) (FBI agent testified as an expert about whether documents "had characteristics consistent with records of a drug business").

■ Testimony regarding such matters calls upon specialized knowledge and does not relate "to matters 'common enough' to qualify as lay opinion testimony," and Rule 702 is not trumped simply because the witness also perceived the facts on which an opinion is to be rendered. *United States v. Figueroa–Lopez,* 125 F.3d 1241, 1246 (9th Cir.1997), *cert. denied,* — U.S. ——, 118 S.Ct. 1823, 140 L.Ed.2d 959 (1998). Consequently, if the government intends to use such evidence "during its case-in-chief at trial," it must comply with the requirements of Fed.R.Crim.P. 16(a)(1)(E). *See, e.g., United States v. Ortega,* 150 F.3d 937, 943 (8th Cir. 1998), *cert. denied,* — U.S. ——, 119 S.Ct. 837, 142 L.Ed.2d 693 (1999); *United States v. Figueroa–Lopez,* 125 F.3d at 1246; *United States v. Jackson,* 51 F.3d 646, 651 (7th Cir.1995). Opinion testimony regarding "the use of pagers, phones, plastic baggies, lookouts and drug quantities" appears to fall within the sphere of specialized knowledge of law enforcement officers governed by Fed. R.Evid. 702 so as to require disclosure under Fed.R.Crim.P. 16(a)(1)(E). *See, e.g., United States v. Figueroa–Lopez,* 125 F.3d at 1246–

47 (testimony on use of lookouts and drug quantities); *United States v. Jackson,* 51 F.3d at 650–51 (testimony on "the use of beepers, firearms, [and] walkie-talkies"). On the other hand, some testimony may not qualify as either a lay or expert opinion, if it is simply a witness's statement of "personal experience relating to a subject bearing directly upon the appropriateness of a jury inference." *See United States v. DiMarzo,* 80 F.3d 656, 659 (1st Cir.), *cert. denied,* 519 U.S. 904, 117 S.Ct. 259, 136 L.Ed.2d 185 (1996). The court cannot discuss this matter in any more detail, because the government has not provided the specific testimony which it apparently intends to introduce. Therefore, the court simply grants the defendant's motion and expects the government will use the above rules in policing its own compliance with the Rule 16(a)(1)(E) disclosure requirements.

## MOTION TO DISMISS INDICTMENT OR, IN THE ALTERNATIVE, FOR BILL OF PARTICULARS (Dk.17).

The defendant comments that the "Indictment is remarkable for its brevity and lack of information. Other than the date, drug and amount, no identifying information is contained within the Indictment." (Dk.17, p. 1). The court finds nothing particularly remarkable about this indictment. The charging language is substantially similar to that appearing in most indictments filed in this court charging violations of 21 U.S.C. § 841(a)(1). The defendant alleges the following "essential facts" are absent from the four counts: (1) "to whom the crack was distributed;" (2) "where the act of distribution took place (other than in the District of Kansas);" (3) "any other principal or person who would fall within 18 U.S.C. § 2, as charged per each count of the Indictment;" and (4) "whether the acts are attributed to Mr. Shepard personally or to an unnamed principal." (Dk.17, p. 1). If the indictment in this case had alleged such additional facts, then it would have been "remarkable" for this venue. The government responds that it has supplied the defendant with "every report and affidavit in the investigative case file" which offer "more than enough detail to

enable him to prepare his defenses, avoid surprise at trial and avoid being placed in double jeopardy." (Dk.23, p. 7).

■ Rule 7(c) of the Federal Rules of Criminal Procedure requires that an indictment be merely a "plain, concise and definite written statement of the essential facts constituting the offense charged." An indictment is held only to minimal constitutional standards, and the sufficiency of an indictment is judged "by practical rather than technical considerations." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997). "An indictment is sufficient 'if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend and if it enables a defendant to assert an acquittal or conviction in order to prevent being placed in jeopardy twice for the same offense.'" *United States v. Poole*, 929 F.2d 1476, 1479 (10th Cir.1991) (quoting *United States v. Staggs*, 881 F.2d 1527, 1530 (10th Cir.1989), *cert. denied*, 493 U.S. 1020, 110 S.Ct. 719, 107 L.Ed.2d 739 (1990)). In the Tenth Circuit, it is usually enough for the indictment to track the statute when the statute adequately expresses all of the elements to the offense. *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir.1988).

■ The district court has broad discretion in deciding a motion for bill of particulars. *United States v. Edmonson*, 962 F.2d 1535, 1541 (10th Cir.1992). " 'The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.'" *Dunn*, 841 F.2d at 1029 (quoting *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985)); *see United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir.), *cert. denied*, 519 U.S. 901, 117 S.Ct. 253, 136 L.Ed.2d 180 (1996); *United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir.1995). Though it may provide more information, a bill of particulars is not intended to serve as a discovery device or to compel the government's disclosure of the factual proof planned for trial. *Dunn*, 841 F.2d at 1029. Nor is it a way to require the

government's explanation of the legal theories expected at trial. *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir.1983).

■ Based upon these standards, the defendant's motion to dismiss and alternative request for a bill of particulars are denied. The indictment adequately apprises the defendant of the crimes charged. A comparison of the allegations made in the four counts with those found in the case law establishes the sufficiency of the indictment. Each count quotes the essential elements of 21 U.S.C. § 841(a)(1) and alleges the specific date of distribution, describes the general location of the distribution as within the District of Kansas, identifies the specific controlled substance distributed, and alleges the amount of the controlled substance distributed. At the hearing, the Assistant United States Attorney fully explained on the record the alternative theories of liability which it believes the evidence, as disclosed in discovery, will support in proving count one. The defendant has clearly made an inadequate showing that a bill of particulars is warranted in this case. Moreover, the government has provided and states its ongoing commitment to provide substantial discovery to the defendant regarding the pending drug charges in order to prevent surprises at trial or the occurrence of any prejudice to the defendants. *See United States v. Ivy*, 83 F.3d at 1281 ("Given the full disclosure here, the district court's denial [of the defendant's request for bill of particulars] was appropriate, and certainly not an abuse of discretion."); *United States v. Sturmoski*, 971 F.2d at 460 (Because of the government's full disclosure and the defendant's failure to show that he was actually surprised at trial and thereby incurred prejudice to his substantial rights, the district court did not abuse its discretion in denying the defendant's motion for a bill of particulars); *United States v. Canino*, 949 F.2d 928, 949 (7th Cir.1991) ("A bill of particular is not required when information necessary for a defendant's defense can be obtained through 'some other satisfactory form'") (citations omitted), *cert. denied*, 504 U.S. 910, 112 S.Ct. 1940, 118 L.Ed.2d 546 (1992). Under these circumstances, the de-

fendant's request for a bill of particulars is denied.

## MOTION TO DISCLOSE WITNESS AND PRODUCE RELEVANT INFORMATION (Dk.20).

Citing Fed.R.Crim.P. 16 and other authorities, the defendant asks for the name and locating information of the government's confidential informant and for all other evidence going to the informant's credibility and impeachment of the same. The defendant specifically makes twenty separate requests for information concerning the confidential informant. The government has responded to each of these requests by providing the requested information, denying its possession and/or the existence of certain information, or refusing to provide certain information because of the risk to the informant and his continuing work with the government.

In her oral argument, the defendant's counsel acknowledged that all but two of the requests had been or were being resolved. One of the two outstanding requests was resolved at the hearing when the government agreed it would arrange for the confidential informant to be present at the United States Attorney's offices for the defendant's counsel to interview.[2] The other outstanding request concerns the event which occurred ten years ago that led to the informant's decision to begin working with the government as an informant. Other than stating that it was a drug case and that it did not involve a crime of dishonesty, the government opposes any further disclosure as not relevant. The court denies the defendant's request for the government to produce this evidence, but the defendant will be permitted to ask the informant about this circumstance. Satisfied with the government's responses to the defendant's requests, the court denies the motion.

IT IS THEREFORE ORDERED that the defendant's Notice of Demand for Disclosure of Evidence (Dk.14) is granted in part and denied in part;

IT IS FURTHER ORDERED that the defendant's Motion to Disclose Expert Testi-

mony (Dk.15) is granted part and denied in part;

IT IS FURTHER ORDERED that the defendant's Motion to Dismiss Indictment or, in the alternative, for Bill of Particulars (Dk.17) is denied; and

IT IS FURTHER ORDERED that the defendant's Motion to Disclose Witness and Produce Relevant Information (Dk.20) is denied as moot in light of the government's responses.

---

2. Of course, it remains a matter of the informant's willingness to answer any questions asked of him, as the court is not directing him to do so at this time.