UNITED STATES of America,

v.

Charles WILKERSON, Defendant.

No. CR. 98–10185–NG–30.

United States District Court,
D. Massachusetts.

Sept. 17, 1999.

John F. Palmer, Law Office of John F. Palmer, P.C., Boston, for Charles Wilkerson.

Patrick Hamilton, Asst. U.S. Attorney, Theodore Heinrich, Asst. U.S. Attorney, for the United States.

### MEMORANDUM AND ORDER ON MOTION FOR DISCOVERY RELATIVE TO DRUG TESTING (# 884)

COLLINGS, Chief United States Magistrate Judge.

Rule 16(a)(1)(E), Fed.R.Crim.P.,[1] provides, in pertinent part:

(E) **Expert Witnesses.** At the defendant's request, the government shall disclose to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.

\* \* \*

The summary provided under this subdivision shall describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications.

Defendant's Motion for Discovery Relative to Drug Testing (# 884) ("the motion") raises issues as to the scope of the Government's responsibilities under this Rule. The matter seems unsettled. As one treatise notes, "[i]t is not yet clear exactly how much detail must be provided to satisfy this provision." 25 *Moore's Federal Practice,* ¶ 616.05[3] (Matthew Bender, 3rd ed.1997).

The motion seeks an order that "... the government ... provide the following discovery relative to drug testing of controlled substances for which the defendant ... is alleged to be responsible in counts six, twenty-three and thirty-five of the indictment":

(a) All written records, notes, and documentation relating to specimen acceptance, identification, chain-of-possession, transport, receipt, storage, processing, and testing.

(b) Complete technical procedures relating to all tests conducted on the specimen(s) including but not limited to tests used to determine the presence and concentration and form of drugs or chemicals used to prepare or process drugs. The description of these procedures should include copies of all laboratory procedures utilized in the testing of these specimen(s) including scientific equipment, preparation and verification of chemical or test reagents, step-by-step description or instruction of the testing process, examples of test data produced or obtained by test analysis, criteria for the review of test data, quality assurance and standardization relating to test analysis, as well as a copy of the test analysis data including instrument tracings and computer output obtained from the testing of the specimen(s), standards, control, and blank samples.

(c) Names and descriptions of all external quality assurance programs that relate to the determination of the laboratory's ability to determine the presence and concentration of drugs and a copy of the results and reports of these programs or surveys for the period from December 1996 to May 1998.

(d) Descriptions of all internal quality assurance policies and procedures used to ensure and support the reliability of drug testing and the result reported for an individual sample.

(e) Studies conducted by the laboratory relating to drug testing and the occurrence or frequence of "false positive" results.

■ The Government has indicated that it will provide the materials sought by paragraphs (c), (d) and (e) if they exist. The defendant is plainly not entitled to the materials sought in paragraph (a) and the second

---

**1.** Henceforth, all references to Rule 16 in this Memorandum and Order shall omit the reference to "Fed.R.Crim.P."

section of paragraph (b) for two reasons. First, they are not discoverable pursuant to Rule 16(a)(1)(D) which deals with results or reports of tests. *See United States v. Iglesias*, 881 F.2d 1519, 1523–4 (9 Cir., 1989), *cert. denied*, 493 U.S. 1088, 110 S.Ct. 1154, 107 L.Ed.2d 1057 (1990). *See also United States v. Smith*, 101 F.3d 202, 210–1 (1 Cir., 1996). Second, discovery of these documents is precluded by the terms of Rule 16(a)(2) which provides, subject to certain exceptions not here pertinent, that Rule 16 "... does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government or any other government agent investigating or prosecuting the case." *United States v. Hill*, 75 F.3d 1440, 1444–5 (10th Cir., 1996). The internal "working papers" of the examiner, which is, in essence, what is requested in paragraph (a) and the second section of paragraph (b) are not discoverable.

■ Defendant argues that these documents are "material to the preparation of the defendant's defense." Rule 16(a)(1)(C). However, Rule 16(a)(2) acts as a prohibition against compelled discovery of "reports, memoranda, or other internal government documents" even if they could initially be categorized as "material to the preparation of the defendant's defense" as that term is used in Rule 16(a)(1)(C).

■ This leaves the question of the first section of paragraph (b). This seems to me to be a request seeking disclosure of the examiner's "... opinions, the bases and the reasons for those opinions ...". Rule 16(a)(1)(E). Obviously, more is required than a statement that to the effect that "such and such examiner will testify that the substance is cocaine, the basis for the opinion is the results of the tests performed, and the reason for the opinion is that the tests indicated that the substance was cocaine." This would afford no more discovery than the Government is already obligated to provide under Rule 16(a)(1)(D). Rule 16(a)(1)(E) was added in 1993; it was clearly intended to require disclosure of more than was mandated by Rule 16(a)(1)(D) which has been part of Rule 16 in one form or another for at least twenty-five years.

■ In addition, the extent of detail required by Rule 16(a)(1)(E) will depend on the nature of the expert testimony. In the case of *United States v. Jackson*, 51 F.3d 646, 651 (7 Cir., 1995), the Seventh Circuit called the disclosure with respect to testimony regarding the drug courier profile "barely" sufficient, but noted that:

> Other contexts, such as cases involving technical or scientific evidence, may require greater disclosure, including written and oral reports, tests, investigations, and any other information that may be recognized as a legitimate basis for an opinion under Fed.R.Evid. 703. *See* Fed. R.Crim.P. 16(a)(1)(E) advisory committee note.

*Jackson*, 51 F.3d at 651.

An example of the type of "greater disclosure" of which the Court speaks in *Jackson* was approved by the Seventh Circuit in the case of *United States v. Yoon*, 128 F.3d 515, 526–7 (7 Cir., 1997).

■ In the instant case, clearly the opinion, which has already been disclosed, is based on the tests. The tests are the "bases and reasons for [the] opinion[ ]" that the substance is cocaine. Rule 16(a)(1)(E). Applying the spirit of the *Jackson* and *Yoon* cases and the Advisory Committee Notes, it is my opinion that the United States Attorney is under an obligation to provide a rather detailed summary of the tests performed. The summary must include a description of the sample received, what the examiner did to ready the sample for the test(s), a description of the test(s)(i.e., how the test(s) work(s) to detect the drugs), what physically was done with the sample during the test(s), what physically occurred to the sample as a result of the test(s), what occurred which led the examiner to his or her conclusion that the substance was cocaine, any steps taken to review the test(s) results to insure accuracy, any other action with respect to the sample

or the testing, and what the examiner did with the sample after examination.[2]

Accordingly, it is ORDERED that the motion (# 884) be, and the same hereby is, ALLOWED to the extent that the Government is ORDERED to provide a summary which complies in full with the preceding paragraph *on or before the close of business on Friday, September 24, 1999.* It is FURTHER ORDERED that the motion be, and the same hereby is, otherwise DENIED.

**2.** To the extent that the case of *United States v. Shepard,* 188 F.R.D. 605, 607 (D.Kan.1999) holds that production of "...the standard lab results and certificate of analysis submitted by the Kansas Bureau of Investigation.." are sufficient to comply with the requirements of Rule 16(a)(1)(E), I respectfully disagree. Unless the certificate of analysis conveyed the type of information I am ordering produced in the instant case, it, together with the laboratory results, probably did no more than disclose what is required by Rule 16(a)(1)(D). I cannot tell because the certificate of analysis is not included in the text of the opinion.