UNITED STATES of America

v.

Jerome CAPLETON, Defendant

No. 00–30027–MAP.

United States District Court,
D. Massachusetts.

Feb. 16, 2001.

Todd E. Newhouse, United States Attorney's Office, Springfield, MA, for U.S. Attorneys.

Kevin G. Murphy, Pessolano, Dusel, Murphy & Casartello, Springfield, MA, David J. Wenc, Waterside Office Park, Windsor Locks, CT, for Defendants.

*MEMORANDUM AND ORDER WITH REGARD TO DEFENDANT JEROME CAPLETON'S MOTION FOR DISCLOSURE OF DOCUMENTS AND DATA UNDERLYING GOVERNMENT'S EXPERT OPINION EVIDENCE (Docket No. 47)*

NEIMAN, United States Magistrate Judge.

Presently before the court is Jerome Capleton ("Defendant")'s motion seeking certain

information regarding the Government's experts. Although the motion initially sought a wide range of discovery, it has since been limited to certain evidence concerning the proposed testimony of Special Agent ("SA") Clarence Shuler ("Shuler") of the Drug Enforcement Administration ("DEA"). For the following reasons, the court will allow Defendant's motion, as particularized below.

## I. BACKGROUND

Shuler has been identified by the Government, in response to Defendant's discovery letter of November 13, 2000, as an individual who would "testify about terms, prices and methods of distribution in the illegal drug business based upon his training and experience investigating narcotics offenses." (November 27, 2000 letter from Government to Attorney David Wenc (Docket No. 41).) The Government also indicates that it "intends to ask SA Shuler about terms used during the conversations regarding drug quantities." (*Id.*) The "conversations" referred to were intercepted by the Government and are reflected in preliminary transcripts which the Government intends to offer and provide to Defendant when completed. "The Government will also ask SA Shuler," it explains, "about the references to amounts of money discussed during the conversations and expects that he will testify that those amounts are consistent with the prices in this area at the relevant time." (*Id.*) The Government completes its notice to Defendant's counsel as follows:

> SA Shuler will also testify regarding the operation of a drug business. For example, he will testify the drug businesses use beepers, cellular phones, code words or phrases, generally accept cash only and involve several levels of distributors in a hierarchy. This is not a comprehensive list of the testimony, but rather a summary of the expected testimony. SA Shuler will be testifying based upon his training as a DEA Agent and his experience investigating numerous drug cases.

(*Id.*)

After receiving this information, Defendant sought more particularized information about Shuler. This information includes, but is not limited to, the amount of compensation or other remuneration paid to him; the area of his expertise; his biography, resume or curriculum vitae; the name, case numbers and courts in which he has previously testified; any documents, reports, or summaries prepared by him as a result of his analysis of this case; any summaries prepared to facilitate his testimony pursuant to FED. R. EVID. 1006; and any underlying data relied upon by him when forming his opinion such as training materials used as a federal narcotics officer at the DEA Academy in Quantico, Virginia, as well as materials used for training and drug-trafficking patterns, terms, process and methods of illegal drug distribution and the use of code words or phrases. (See Defs.' Reply to Government's Resp. (Docket No. 79) at 2.) The Government argues that Defendant is not entitled to this information.

## II. DISCUSSION

Two issues confront the court: (1) whether Shuler is an "expert" witness and, if so, (2) what discovery must the Government provide Defendant with respect to his proffered testimony. The court considers these issues in turn.

## A. *IS SHULER AN EXPERT?*

Expert witness testimony is governed by FED. R. EVID. 702, which allows opinions concerning "specialized knowledge." *See United States v. Corey*, 207 F.3d 84, 88 (1st Cir.2000). *See also* Fed. R. Evid. 703 and 705 (discussing use of expert testimony at trial). Rule 701, on the other hand, governs admission of lay witness testimony, limiting such opinions to those "rationally based on the perception of the witness." The distinction is important because, pursuant to FED. R. CRIM. P. 16(a)(1)(E) (subtitled "Expert Witnesses"), the Government is required upon request, to disclose to a defendant "a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." "The summary provided under this subdivision," Rule 16(a)(1)(E) continues, "shall describe the witnesses' opinions, the bases and the reasons

for those opinions, and the witnesses' qualifications."

There is no doubt that Shuler is an expert. First, his testimony, as proffered, requires "specialized knowledge" and does not relate to matters common enough to qualify as lay opinion. The opinions about which Shuler intends to testify, particularly as they are based on his training and experience, require demonstrable expertise. *See Corey*, 207 F.3d at 88–89; *United States v. Figueroa–Lopez*, 125 F.3d 1241, 1246 (9th Cir.1997). While some of the evidence, standing alone, might not require his certification as an expert, *see, e.g.*, *United States v. Rivera*, 68 F.3d 5, 8 (1st Cir.1995) (noting that DEA agents need not be certified as experts to opine regarding "street value"); *United States v. Jackson*, 51 F.3d 646, 651 (7th Cir.1995) (in the context of testimony regarding simply a "drug career profile," notice that law enforcement witnesses would testify from years of experience as narcotics agents suffices), the proposed testimony, taken as a whole, concededly goes to the entire "operation of a drug business."

Second, the Government itself acknowledges that Shuler is an expert. It has provided a summary of his expected testimony in specific response to Defendant's request for "expert witness" information. Indeed, the Government makes multiple references in its discovery letter to Shuler's "training," "experience" and "expertise." To be sure, the Government *now* argues that Shuler's proposed testimony will be that of a lay, not an expert, witness. In the court's opinion, that argument is simply too late. Were the court to now treat Shuler's opinions as lay testimony, it would contradict the expertise necessary for its proffer and "would encourage the Government to offer all kinds of specialized opinions without pausing first properly to establish the required qualifications of their witnesses." *Figueroa–Lopez*, 125 F.3d at 1246. *See also United States v. Shepard*, 188 F.R.D. 605, 608 (D.Kan.1999) ("Rule 702 is not trumped simply because the witness also perceived the facts on which an opinion is to be rendered."). In short, to the extent the Government intends to use the proffered evidence in its case-in-chief, as it

has indicated it will, it must comply with the requirements of Rule 16(a)(1)(E).

B. *WHAT DISCOVERY MUST THE GOVERNMENT PROVIDE WITH RESPECT TO SHULER?*

■ Criminal expert discovery, as indicated, is governed by Rule 16(a)(1)(E). As Chief Magistrate Judge Robert Collings recently stated, however, the scope of the Government's responsibilities under the rule "seems unsettled." *United States v. Wilkerson*, 189 F.R.D. 14, 15 (D.Mass.1999). "It is not yet clear," Judge Collings indicated, "exactly how much detail must be provided to satisfy this provision." *Id.* (quoting 25 MOORE'S FEDERAL PRACTICE ¶ 616.05[3] (Matthew Bender, 3rd ed.1997)). Here, a close examination of the Government's response reveals that it falls short of any detail that might be required by the rule.

In essence, Rule 16(a)(1)(E) mandates the Government to provide a written summary of (1) the expert witness' opinions, (2) the bases and reasons for those opinions, and (3) the qualifications of the expert. Here, the Government has notified Defendant of little more than the subject matter of Shuler's testimony. The only information provided with regard to Shuler's opinions concerns the drug amounts mentioned in transcribed conversations as being "consistent with the prices in this area at the relevant time." Granted, the Government also indicates more generically that Shuler would opine that operators of drug businesses "use beepers, cellular phones, code words or phrases, generally accept cash only and involve several levels of distributors in a hierarchy." But that proffer fails to connect those opinions to this particular case. Moreover, no other opinions on Shuler's part are described, let alone summarized. Finally, the only information provided with respect to Shuler's qualifications is his training as a DEA agent and experience investigating drug cases. At bottom, the court rules that the information provided, even in its entirety, is insufficient under any reading of Rule 16(a)(1)(E). The Government must disclose more.

In so ruling, the court is aware of the First Circuit's opinion in *United States v. Rivera–*

*Santiago,* 107 F.3d 960 (1st Cir.1997), in which customs officers were allowed to testify, without being qualified as experts, regarding the behavior of objects dropped from an airplane and the possible reasons for painting incorrect registration numbers on the back of a sea vessel. Quoting *United States v. Paiva,* 892 F.2d 148, 157 (1st Cir. 1989), in which a lay witness was properly allowed to opine that a certain substance was cocaine, the court noted that the "modern trend favors the admission of opinion testimony, provided it is well founded on personal knowledge and susceptible to cross examination." *Rivera–Santiago,* 107 F.3d at 968. The individual experience and knowledge of a lay witness, the court explained, "may establish his or her competence, without qualification as an expert, to express an opinion on a particular subject outside the realm of common knowledge." *Id.* (quoting *Paiva,* 892 F.2d at 157). Here, however, Shuler is an expert, and, as such, the Government cannot seek protection in Federal Rule of Evidence 701. Moreover, as far as the court is aware, there is no indication that Shuler himself made any observations of the facts at issue.

Accordingly, the court expects the Government to fully comply with the rules and, in particular, police its own compliance with the disclosure requirements of Rule 16(a)(1)(E). At a minimum, however, the Government shall provide Defendant the following additional information:

- a more complete summary of the opinions Shuler will offer;

- copies of any summaries prepared by Shuler as a result of his analysis of the case;

- underlying data relied upon by Shuler when forming his opinion;

- Shuler's resume; and

- a list of cases in which Shuler has previously testified.

Of course, if the Government fails to comply, the trial court, among other remedies, may prohibit the Government from offering the evidence at trial. *See* FED. R. CRIM. P. 16(d)(2).

### III. CONCLUSION

For the foregoing reasons and as particularized above, Defendant's motion is ALLOWED.

IT IS SO ORDERED.