FILED
United States Court of Appeals
Tenth Circuit

January 22, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARK EDWARD BROWN,

Defendant-Appellant.

No. 09-6079
(D.C. No. 5:06-CR-00153-R-1)
(W. Okla.)

**ORDER**

Before **KELLY**, **SILER**,[*] and **TYMKOVICH**, Circuit Judges.

This matter is before the court on Appellee's Motion to Publish Opinion.

The motion is granted. The published opinion is attached and is filed nunc pro

tunc to the original filing date, December 18, 2009.

Entered for the Court

*Elisabeth A. Shumaker*

Elisabeth A. Shumaker, Clerk

---

[*] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for
the Sixth Circuit, sitting by designation.

FILED
United States Court of Appeals
Tenth Circuit

December 18, 2009

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 09-6079

MARK EDWARD BROWN,

Defendant-Appellant.

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 5:06-CR-00153-R-1)**

_____

Fred Randolph Lynn, Tulsa, Oklahoma, for Defendant-Appellant.

Edward J. Kumiega, Assistant United States Attorney (Robert J. Troester, Acting United States Attorney, and Mark A. Yancey, Assistant United States Attorney, with him on the brief) Oklahoma City, Oklahoma, for the Plaintiff-Appellee.

_____

Before **KELLY**, **SILER**,* and **TYMKOVICH**, Circuit Judges.

_____

**SILER**, Senior Circuit Judge.

_____

_____

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Mark Edward Brown appeals the district court's denial of his Federal Rule of Criminal Procedure 16 objection. For the following reasons, we AFFIRM.

## I. BACKGROUND

In 2001, Brown entered Relevant Products, a t-shirt printing store in Oklahoma City, Oklahoma, on the pretense of asking for a job application. After the clerk gave him the application, Brown demanded her jewelry and the store's cash. When she refused, Brown hit her with his pistol. She screamed, and he fled the scene.

Later that day, another Relevant Product employee gave the police the application Brown had received and thrown on the floor of the store. The police found a partial fingerprint on the application and matched it to Brown. An expert also analyzed the fingerprint and agreed that it matched Brown's known prints.

At a photographic lineup, the clerk identified Brown as her attacker. He was arrested and questioned about his whereabouts at the time of the robbery. When confronted with the fingerprint evidence, he admitted to being in the area but maintained that he had simply been looking for a job.

He was charged in a three-count indictment with attempted armed robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951; using a firearm during and in relation to an attempted robbery, in violation of 18 U.S.C. § 924(c)(1)(A); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Before trial the government provided Brown with copies of his fingerprints,

photographs of a latent fingerprint recovered from the crime scene, the government's fingerprint expert's qualifications, her report,[1] and a summary of her proposed testimony.[2]

At trial, the government argued that the latent fingerprint matched a known print belonging to Brown. To support this argument, it called Cindy Hutchcroft, a fingerprint expert, who testified that she found fourteen identical points of comparison between Brown's known print and the latent print found at the scene of the crime. Brown waited until cross-examination to object to this testimony and seek a supplemental report setting forth the bases and reasons for Hutchcroft's opinion. He argued that he "didn't know exactly what [Hutchcroft] was going to be testifying to." Specifically, he stated that, based on the government's pre-trial disclosures, he believed that the expert would only testify that the latent fingerprint was matched through the Automated Fingerprint

---

[1] The report noticed the following: "ID#1 of BROWN, MARK E. OFF JOB APPLICATION." It also referenced Brown's AFIS number.

[2] Specifically, the government disclosed the following with regard to its expert's anticipated testimony:

> Our final expert witness will be Cindy Hutchcroft, Fingerprint Examiner, OCPD. Hutchcroft's report has previously been provided as BRO_1387. Her CV is enclosed as BRO_1571. Hutchcroft will testify that she compared the defendant's known fingerprints found on fingerprints [sic] cards with a latent fingerprint found on the job application that was processed by John Fiely. She will testify the latent fingerprint on the job application is the defendant's fingerprint.

-3-

Identification System (AFIS). The district court denied his objection.[3] In its ruling, the court remarked that "it strikes me that [the summary] told [Brown] exactly what [the fingerprint expert] was going to do" and also noted the late timing of the objection.

The jury convicted Brown on all three counts. The district court later vacated the felon-in-possession conviction, a ruling not challenged by the government on appeal. He was sentenced to 384 months' imprisonment on the two remaining counts. He now appeals the district court's denial of his Rule 16 objection.

## II. DISCUSSION

### A. Standard of Review

We review a district court's Rule 16 decision for abuse of discretion. United States v. Charley, 189 F.3d 1251, 1261-62 (10th Cir. 1999) (citing United States v. Wicker, 848 F.2d 1059, 1060 (10th Cir.1988)).

---

[3] The court stated as follows:

I think you could have requested that [additional information]. But, I think that would have been back—well, this was October 20th. That's [fifteen] day[s] ago. If you had wanted something additionally, I'm sure that could have been requested, but I don't think in the middle of the testimony is the time to do it.

## B. Rule 16

Rule 16(a)(1)(G) requires that, at the defendant's request, the government "must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G). The rule also stipulates the content of such a written summary: it must include the expert's qualifications, describe her opinions, and state the "the bases and reasons for those opinions." Id.

If a party fails to comply with a discovery request, the district court may order sanctions, including (1) issuance of an order demanding compliance, (2) grant of a continuance, (3) exclusion of undisclosed evidence,[4] or (4) the imposition of any other just order. Fed. R. Crim. P. 16(d)(2). In deciding which sanction is proper, the district court should "typically consider" three factors: (1) the reason for the government's delay in production; (2) the extent of prejudice to the defendant as a result of the delay; and (3) the feasability of curing the prejudice with a continuance. United States v. Russell, 109 F.3d 1503, 1511 (10th Cir. 1997). "The court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order." United States

---

[4] This remedy is extreme, and we have stated that the exclusion of evidence "is almost never imposed 'in the absence of a constitutional violation or statutory authority for such exclusion.'" Charley, 189 F.3d at 1262 (quoting United States v. Gonzalez, 164 F.3d 1285, 1292 (10th Cir. 1999)).

v. Ivy, 83 F.3d 1266, 1280 (10th Cir. 1996). Finally, "[d]istrict courts have broad discretion in imposing sanctions on parties who violate discovery orders, and we review a court's decision to impose sanctions and its choice of sanction for abuse of discretion." Gonzalez, 164 F.3d at 1291 (citing Ivy, 83 F.3d at 1280).

Judged against these standards, the district court did not abuse its discretion. The report and summary substantially complied with Rule 16's requirements. Taken together, they described Hutchcroft's analysis and opinion that the fingerprint found at the scene of the crime matched Brown's. We are unpersuaded by Brown's argument that because the government's summary failed to mention fourteen identical points of comparison or specifically describe the expert's methodology, the summary was deficient. The summary stated that Hutchcroft would testify that the latent fingerprint on the job application was Brown's, as did her own report. The government substantially complied with Rule 16. See United States v. Edmonson, 962 F.2d 1535, 1545-46 (10th Cir. 1992) (holding that the district court did not abuse its discretion in admitting fingerprint evidence discovered prior to trial but not tested until after the trial had begun).

In addition, Brown waived his right to object to the government disclosures. Rule 12(b)(3) clearly states that a Rule 16 motion for discovery "must be raised before trial." Fed. R. Crim. P. 12(b)(3) (emphasis added). Not only did Brown fail to object before trial, but he waited until cross-examination to

object to Hutchcroft's testimony.  Although the district court may grant "relief from the waiver" with a showing of good cause, see Fed. R. Crim. P. 12(e), our review of the Record demonstrates no such showing.  Thus, we hold that Brown waived his right to object pursuant to Rule 16 and that the district court did not abuse its discretion in overruling his objection.  See United States v. Price, 75 F.3d 1440, 1444-45 (10th Cir. 1996) (holding that the district court did not abuse its discretion in refusing to permit additional discovery under Rule 16).

**AFFIRMED**.