FILED
United States Court of Appeals
Tenth Circuit

September 20, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK EDWARD BROWN,

Defendant - Appellant.

No. 11-6101

(W.D. Oklahoma)

(D.C. No. 5:06-CR-00153-R-1)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Mark Edward Brown was convicted by a jury of attempted armed robbery and using a firearm during and in relation to an

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

attempted robbery. Our court affirmed those convictions and the Supreme Court denied his petition for a writ of certiorari. United States v. Brown, 592 F.3d 1088 (10th Cir. 2009), cert. denied, 130 S. Ct. 1917 (2010).

Because his petition for a writ of certiorari to the Supreme Court was denied on March 22, 2010, Mr. Brown had one year (i.e., until March 22, 2011) to file his 28 U.S.C. § 2255 petition to "vacate, set aside or correct [his] sentence."[1] On March 25, 2011, Mr. Brown filed a letter with the district court asking for additional time to file his § 2255 petition, on the ground that the prison was on lockdown and he could therefore not finish his petition.[2] The district court denied his request, explaining that it lacked the statutory authority to extend the one-year deadline and, to the extent it had the power to toll the one-year time period, Mr. Brown's letter did not show or even attempt to show that he met the requirements for obtaining a tolling of the limitation period.

Ultimately, Mr. Brown never filed a § 2255 motion. Instead, on April 14, 2011, he filed a notice of appeal from the district court's order denying him an extension of time. The government has argued that we lack jurisdiction over this

---

[1]Pursuant to 28 U.S.C. § 2255(f), a petition must be filed within one year of "the date on which the judgment becomes final." A judgment becomes final on, *inter alia*, the date when the Supreme Court "denies certiorari." United States v. Prows, 448 F.3d 1223, 1227 (10th Cir. 2006).

[2]His handwritten letter was actually dated March 17, 2011, but it was not filed until March 25. Mr. Brown did not explain why the lockdown status prohibited him from completing and/or writing his petition.

purported appeal because Mr. Brown is appealing from a non-final order.[3] Alternatively, the government argues that Mr. Brown must obtain a certificate of appealability ("COA") in order to be able to appeal the district court's order.

We could dismiss this appeal on either ground. Thus, even assuming we have jurisdiction over this appeal, Mr. Brown must obtain a COA before presenting a § 2255 petition to our court. In order to obtain a COA, a prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). There is no debate on whether Mr. Brown's request for an extension was timely filed, or whether that constituted a § 2255 petition, or whether the district court erred in any procedural way in denying his request for an extension of time.[4]

_____

[3]The argument is that, rather than asking the district court for an extension, which it is unable to grant, a defendant must file a § 2255 petition out of time and, in that filing, ask the court to excuse his lateness based upon the factors listed in 28 U.S.C. § 2255(f)(1)-(4), or on the basis of equitable tolling.

[4]Appellant's motion to dismiss is denied as moot. The appellant has filed a reply brief which is untimely. It does not alter the result.

We accordingly DENY Mr. Brown a COA and DISMISS this matter.

ENTERED FOR THE COURT


Stephen H.  Anderson
Circuit Judge